# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

PRISCILLA A. WALLACE,           )
                                )
    Plaintiff,                  )
                                )
v.                              )       No. 1:11-cv-260-DBH
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
    Defendant                   )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge should have found that her impairments met or equaled the criteria of a listed impairment and that the residual functional capacity ("RFC") assigned to her by the administrative law judge lacks evidentiary support. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had the impairments of borderline intellectual functioning, depression, and anxiety, impairments that were severe but that did not, whether considered separately or in combination, meet or medically equal the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 9-10; that she had the RFC to perform a full range of work at all exertional levels and was able to understand, remember, and carry out simple tasks, interact with coworkers and supervisors, and adapt to simple changes, Finding 4, *id.* at 12; that she had no past relevant work, Finding 5, *id.* at 15; that, given her age (26 on the date of application, a younger individual), limited eighth grade education, and RFC, there existed jobs in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.*; and that the plaintiff had, therefore, not been under a disability as that term is defined in the Social Security Act, at any time from the date of application (December 11, 2008), through the date of the opinion (February 11, 2011), Finding 10, *id.* at 16. The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence

in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

## I. Discussion

### A. Listing 12.05

The plaintiff contends that the administrative law judge was required to find that she met the criteria of Listing 12.05(C), mental retardation. Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at 1-2. That Listing provides, in relevant part:

> *Mental Retardation*: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

Listing 12.05(C), Appendix 1, 20 C.F.R. Part 404, Subpart P.

3

The administrative law judge considered Listings 12.02, 12.04, 12.05, and 12.06 together, concluding that the evidence did not meet or equal the "B" criteria of those Listings. Record at 10-11. However, the "B" criteria he discussed are not included in Listing 12.05. Of the "C" criteria in the four Listings, the administrative law judge said the following: "The undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." *Id*. at 11.

This two-sentence statement is clearly conclusory and does not make the specific findings about these Listings that is required by *Small v. Califano*, 565 F.2d 797, 801 (1st Cir. 1977), and *Miranda v. Secretary of Health, Educ. & Welfare*, 514 F.2d 996, 999 (1st Cir. 1975). *See generally Adams v. Barnhart*, No. 05-134-B-W, 2005 WL 3832408, at *2 (D. Me. Mar. 6, 2005). As the introduction to Section 12 of the Listings explains:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing. . . . For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, *i.e.*, is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work . . . .

Listing 12.00, Appendix 1, 20 C.F.R. Part 404, Subpart P. Here, the administrative law judge has overlooked the significant differences between Listing 12.05 and the other mental health Listings.

The analysis does not stop here, however. The plaintiff's argument on this point is also conclusory. It merely points out that her full scale IQ, as reported by the administrative law judge, meets the standard of paragraph C of Listing 12.05 and that the "second prong" of this paragraph is met by the administrative law judge's finding that she also suffered from the severe impairments of depression and anxiety. Itemized Statement at 1-2. That is correct, so far as it goes. Beyond this, the plaintiff asserts only that "[t]he ALJ failed to fully evaluate claimant's borderline intellectual functioning under Listing 12.05(C)." *Id*. at 2.

That is not enough.[2] The plaintiff bears the burden of proof at Step 3 of the sequential evaluation process, and here the plaintiff's itemized statement has ignored the requirement of Listing 12.05 that there be evidence of deficits in adaptive functioning before age 22. *See Adams*, 2005 WL 3832408, at *2. Accordingly, she is not entitled to remand based on the administrative law judge's error at Step 3. *Durgin v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00422-GZS, 2011 WL 4828709, at *3 (D. Me. Oct. 5, 2011). *See generally Richardson v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00313-JAW, 2011 WL 3273140, at *7-*8 (D. Me. July 29, 2011).

---

[2] At oral argument, the plaintiff's attorney asserted, in response to my question, that the evidence of deficits in adaptive functioning before age 22 was the plaintiff's report that she participated in special education while in school and that she currently had difficulty reading and writing effectively. He did not cite any evidence to support either assertion in the record. Even if this evidence of a required element of the Listing had been properly mentioned in the plaintiff's itemized statement, it would not necessitate a different outcome at Step 3. A current inability to read and write "effectively," whatever that may mean, has not been shown, on this record, to be an adaptive deficit, not does the fact that it exists at the time of the hearing necessarily mean that it existed before the plaintiff reached the age of 22. In addition, assignment to special education classes may be evidence of the necessary adaptive function deficit, *see, e.g., Cauffman v. Astrue*, No. C10-281-JCC-JPD, 2010 WL 5464815, at *9 (W.D. Wa. Nov. 12, 2010), but is not enough, standing alone, if the claimant "did well" in those classes, *Harris v. Commissioner of Soc. Sec.*, 330 Fed.Appx. 813, 815, 2009 WL 1426754, at **2 (11th Cir. May 22, 2009). The plaintiff has not provided evidence on this point. *See also Libby v. Astrue*, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *11-*12 (D. Me. July 19, 2011) (listing facts similar to those present here which did not require finding of existence of deficits in adaptive functioning before age 22).

## B. Substantial Evidence

The plaintiff's second and final challenge to the administrative law judge's decision asserts that the assigned RFC is not supported by substantial evidence. Itemized Statement at 2-6. Specifically, she attacks the report of a state-agency psychologist who reviewed her medical records, David R. Houston, Ph.D., because he "failed to account for his summary conclusions derived from the evidence in the file in the areas of sustained concentration and persistence, social interaction, and adaptation." Itemized Statement at 5. She contends that the same shortcoming in Dr. Houston's report in another case, *Lindsey v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00038-JAW, 2011 WL 86567 (D. Me. Jan. 10, 2011), resulted in remand in that case, requiring the same result here. *Id*.

In this case, as, apparently, in *Lindsey*, Dr. Houston filled out a Mental Residual Functional Capacity Assessment form. Record at 359-61; 2011 WL 86567 at *5. In both cases, he checked boxes indicating moderate limitations in the ability to maintain attention and concentration for extended periods; keeping a schedule, maintaining attendance, and being punctual; completing a normal workday and workweek without interruptions from psychological conditions; accepting instructions and criticism from supervisors; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; and responding appropriately to changes in the work setting. Record at 359-60; 2011 WL 86567 at *5. There were differences between the two cases in other areas. *Id*.

Also similar is Dr. Houston's narrative assessment, where he wrote, in each case, that the claimant was "able to understand and remember simple instructions," "able to carry out simple tasks," "able to interact with co-workers and supervisors," and able to "adapt to simple changes." Record at 361; 2011 WL 86567 at *5. In *Lindsey*, Magistrate Judge Kravchuk was concerned

that "the disappearance of the concentration, persistence, and pace summary conclusions is [not] adequately explained in Dr. Houston's narrative or elsewhere in the forms he signed." 2011 WL 86567 at *6. Given the "peculiar presentation" of that case, including other shortcomings, Judge Kravchuk concluded that the *Lindsey* case should be remanded "for further development." *Id.* at *7.

There is a similar "disappearance" in the form filled out by Dr. Houston in this case, but that similarity is not dispositive.[3] The other problems noted by Judge Kravchuk in *Lindsey* are not present in this case, and I have already determined that the plaintiff's only additional challenge in this case, an alleged failure to find that her impairments met Listing 12.05, is without merit.

The most significant difference between the *Lindsey* case and the instant case is that the administrative law judge in the former case apparently relied solely on Dr. Houston's report to support the assigned RFC. That is not the case here, where the administrative law judge recited in detail much of the medical evidence, Record at 12-14, as well as the plaintiff's testimony, and her reported activities of daily living. He assigned "[s]ome weight" to the opinion of Edward Quinn, Ph.D., who conducted a consultative examination, *id.* at 318, and "great weight" to the opinions of Dr. Houston and Dr. Stahl, another state-agency reviewing psychologist. *Id.* at 14-15. The existence of other opinion evidence that supports the administrative law judge's conclusions makes any error in Dr. Houston's completion of the RFC form harmless.

Dr. Quinn's conclusions were as follows:

---

[3] The administrative law judge in this case adopted Dr. Houston's finding of moderate difficulties with concentration, persistence, or pace. Record at 11. The RFC assigned to the plaintiff, *id.* at 12, included a limitation to "understand, remember, and carry out simple tasks." *Id.* The only limitation in the RFC in *Lindsey* that could possibly relate to such a finding was "the capacity to perform only simple duties requiring little or no judgment that can be learned after a short demonstration or within 30 days." 2011 WL 86567 at *1. This is another significant difference between the two cases.

7

> Ms. Wallace should be able to follow work rules. She may have some issues relating to others due to personality factors. She should be able to use appropriate gross judgment. She should be able to deal with some stressors. She should be able to function independently. Difficulties with attention, concentration, persistence, pace and memory were not observed. She should be able to complete at least simple job instructions if not more complex job instructions. She should be able to maintain personal appearance. She may have some issues with emotional stability. She may have some difficulties in social settings because of anxiety issues. She may possibly have some issues with reliability.

*Id*. at 321.

Dr. Stahl found that the plaintiff was moderately limited in her abilities to understand and remember detailed instructions, to carry out detailed instructions, and to respond appropriately to changes in the work setting, and markedly limited in the ability to interact appropriately with the general public. *Id*. at 337-38. His narrative conclusions were the following:

> A. She is able to r[emember] and understand simple tasks. She is likely to have some limitations in managing more complex information. Memory considered to be in normal limits during recent evaluation.
> B. She is able to work in 2 hour blocks over the course of a normal workday/workweek. Able to take care of personal needs, prepare meals, does all chores, sh[o]ps weekly for one hour, plays cards daily, sews. Difficulties with attention, concentration, persist[e]nce and pace not noted during c[onsultative] e[xamination].
> C. She is able to get along with coworkers and supervisors but would not be able to work with the general public. She is able to work with health care providers.
> D. She can adapt to simple changes.

*Id*. at 339.

Both of these reports provide substantial evidentiary support for the administrative law judge's RFC conclusions. The plaintiff may have attempted to discredit Dr. Stahl's conclusions with a single sentence in her itemized statement, "Only Dr. Houston had the benefit of reviewing both consultative opinions[,]" Itemized Statement at 4, but this sentence is not sufficiently developed argumentation to raise any challenge to Dr. Stahl's conclusions. Even if it had been,

8

this apparent reference to the consultative examination report of Dwayne A. Hogan, a licensed clinical social worker, that took place after Dr. Stahl completed his report, *compare* Record at 341 *with id*. at 323, does not compel a different outcome. The administrative law judge gave "little weight" to Hogan's report, *id*. at 14, and, given the facts that, unlike Dr. Quinn, Hogan did no testing, and characterized his evaluation of the plaintiff as "brief," *id*. at 344, that conclusion about the Hogan report appears to be well within the scope of the administrative law judge's duties and competence. The Hogan report certainly cannot reasonably be read to compel rejection of Dr. Stahl's conclusions.

The plaintiff is not entitled to remand on the basis of her second argument.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge